LOTTINGER, Judge.
This is a suit by a brother and sister to have a last will and testament annulled and set aside. The plaintiffs have alleged that their sister, the decedent, was mentally incompetent to make a will due to habitual and excessive use of alcohol, and that due to her mental state she was easily persuaded and influenced into leaving the bulk of her property to the defendant who had taken care of the decedent for some time prior to her death. The Trial Court found judgment in favor of the defendant, and it is from this judgment that the plaintiffs have appealed.
The record points out that the last will and testament was executed on October 25, 1965, and that the decedent died on August 15, 1966. The plaintiffs-appellants contend that prior to the time the last will and testament was executed the decedent was known to be a heavy drinker, and that her intake of alcohol was so great as to render her incompetent to validly execute her last will and testament. The plaintiffs placed many witnesses on the stand who testified in essence that the deceased was a heavy drinker to some extent, but after reading the entire record, none of these witnesses of the plaintiffs’ tend to lead us to believe that the decedent drank sufficiently at any particular time prior to the execution of the last will and testament as to render her incapable of executing same. In particular, the plaintiffs placed on the witness stand the physician of the decedent who testified that he had treated her in August of 1965 for heart disease. He further testified that he saw her on September 30, 1965, and that the decedent was doing fine, and his notes made no mention of alcohol. He does make some mention of her intake of alcohol, but this was when he treated her in March of 1966.
It is acceptable to look into the testamentary capacity of an individual prior to, at the time of, and after the execution of a last will and testament to determine and draw a conclusion as to the condition of the testator or testatrix at the exact moment that the last will and testament is executed. After reading the testimony of all of the witnesses who testified in this proceeding, we must conclude, as did the Trial Judge, that the plaintiffs have not carried their burden sufficiently so as to have judgment in their favor. We *468 have no question but that the decedent was a heavy drinker, but we find no evidence in the record to convince us that her drinking was of such a state prior to or at the time of the execution of the will so as to render her incapable of executing a valid last will and testament.
Therefore, for the above and foregoing reasons, the judgment of the Trial Court is affirmed. All costs of this appeal to be paid by plaintiffs-appellants.
Judgment affirmed.